UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK: WHITE PLAINS
----------------------------------------------------------------X
KEVIN WILLIAMS,

               Plaintiff,                       **JURY DEMANDED**

  -  Against –                                Docket:
                                                  Filed:

GRENADIER REALTY CORP.,

                                                  **VERIFIED COMPLAINT**

              Defendant.
----------------------------------------------------------------X

      **KEVIN WILLIAMS**, by and through his counsel, **THOMAS D. SHANAHAN, P.C.**, does hereby complain of Defendant as follows:

1. Plaintiff Kevin WILLIAMS ("WILLIAMS") was employed by Defendant Grenadier Realty Corp., from October 27, 1999 until he was terminated on August 30, 2019.

2. Grenadier Realty Corp. ("G.R.C.") is a domestic business corporation authorized to do business in the State of New York on September 21, 1979 with its principal executive office located at 1230 Pennsylvania Avenue, Brooklyn, New York 11239.

3. Venue is proper as the cause of action herein accrued in the Southern District of New York.

4. The following federal statutes are at issue: Title VII of the Civil Rights Act of 1964 pursuant to 28 U.S.C. §1331 ("Title VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 (1967).

5. This Court has supplemental jurisdiction over the related New York State and Westchester County statutes asserted in this complaint pursuant to 28 U.S.C. §1367.

6. WILLIAMS has fully complied with all administrative prerequisites for the commencement of this action. The E.E.O.C. issued a Right to Sue letter on August 20, 2020. This action is timely commenced.

**Allegations Common to All Causes of Action**

7. WILLIAMS is a male black who was over forty-years of age in 2019.

8. At all times during his employment, his performance was satisfactory and/or exemplary.

9. Commencing on or about 2017 when he was forty-five years of age, WILLIAMS began to notice he was being treated differently, and less favorably, than similarly situated white or otherwise non-black employees.

10. Commencing on or about 2017, WILLIAMS began to notice he was being treated differently, and less favorably, than similarly situated younger employees.

11. Examples of WILLIAMS disparate treatment includes but is not limited to: being given assignments without adequate staff and support to timely complete them; removal from client accounts WILLIAMS had handled satisfactory and replacing him with younger, less skilled, non-black workers.

12. Examples of direct evidence of age-based animus against WILLIAMS by G.R.C. management include high level agents of G.R.C. telling WILLIAMS he was "old" or "older" in a derogatory manner.

13. G.R.C. management also often compared "younger" employees to WILLIAMS in his presence in a derogatory manner.

14. Further, WILLIAMS was subjected to discriminatory treatment based upon his race and/or color.

15. On or about January 2019, WILLIAMS began to observe what he describes as a "clear shift" in the demographic makeup of G.R.C.

16. On or about April 2019, WILLIAMS observed a reduction in the number of black managers at G.R.C.

17. At or about this time, G.R.C. began to remove responsibilities from WILLIAMS and assign those duties to non-black employees.

18. At or about this time, G.R.C. began to hold WILLIAMS to a more stringent level of performance compared to similarly situated employees who are not black.

19. At or about this time, G.R.C. as a pre-text to justify his impending termination, began to issue WILLIAMS "write-ups" for alleged poor performance. At all times, WILLIAMS performance was either satisfactory or exemplary.

20. But for G.R.C.'s discriminatory animus towards WILLIAMS and other managerial level black employees, WILLIAMS would not have had his employment terminated on August 30, 2019.

21. WILLIAMS is entitled to be compensated and "made whole" for all pecuniary losses resulting from G.R.C.'s unlawful discriminatory conduct.

22. WILLIAMS is entitled to damages in an amount currently unknown and to be determined in discovery.

23. WILLIAMS alleges Respondent has unlawfully discriminated against him in the terms, conditions and privileges of his employment in violation of Age Discrimination in

Employment Act of 1967 (ADEA), 29 U.S.C. § 621 (1967), and analogous New York State and City statues.

24. WILLIAMS alleges Respondent has unlawfully discriminated against him in the terms, conditions and privileges of his employment in violation of Title VII of the Civil Rights Act of 1964, *et seq.*, 42 U.S.C. §2000e, *et seq.*, as amended, based upon his race. WILLIAMS also interposes claims under analogous state and local claims.

### As and For a First Cause of Action
### Under Title VII

25. WILLIAMS repeats and realleges the foregoing allegations herein as if fully restated.

26. Title VII precludes any employer, including a governmental entity, from discriminating against an employer in the compensation, terms, conditions or privileges of employment, because of an individual's race, color, religion , sex, or national origin".

27. Defendants discriminated against WILLIAMS by engaging in unlawful discriminatory practices prohibited by 42 U.S.C. 2000e, based upon WILLIAMS age and race.

### As and For a Second Cause of Action
### Pursuant to Age Discrimination in Employment Act (ADEA)

28. WILLIAMS repeats and restates all of the allegations previously pled herein as if fully repeated.

29. The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 (1967), prohibits unlawful discrimination based upon a person's age.

30. WILLIAMS is a member of the class of individuals subject to the protections of the ADEA.

4

31. WILLIAMS was terminated based upon her age and replaced with a less qualified, younger, black female.

32. WILLIAMS was replaced by a person under 40 years of age.

33. Defendants discriminated against WILLIAMS by engaging in unlawful discriminatory practices prohibited by 29 U.S.C. §621, *et seq.*, based upon WILLIAMS age and race.

### As and For Third Cause of Action
### Pursuant to New York State Human Rights Law

34. WILLIAMS repeats and restates all of the allegations previously pled herein as if fully repeated.

35. New York State Executive Law §296, provides:

    "It shall be an unlawful discriminatory practice for an employer or licensing agency, because of age, race, creed, color national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation, terms, conditions or privileges of employment".

36. Defendants have violated the provisions of the Executive Law by subjecting WILLIAMS to a hostile work environment and terminating his employment based upon his age and race.

### As and For Fourth Cause of Action
### Pursuant to the Westchester County Human Rights Law

37. WILLIAMS repeats and realleges all prior allegations herein as if fully restated.

38. The Westchester County Human Rights Law, Sec. 700, *et seq.*, provides it shall be an unlawful discriminatory practice for an employer to discharge or otherwise discriminate against any person because of their membership in a protected category, including race and age.

5

39. Defendants have violated the provisions of the Westchester County Human Rights Law by subjecting WILLIAMS to adverse and discriminatory employment actions based upon his age and race.

40. WILLIAMS is entitled to damages as specified by the Westchester County Human Rights Law,§700.11(4).

**WHEREFORE**, WILLIAMS prays for an order of this Court entering judgment in his favor and awarding actual, compensatory damages, future lost wages, back pay, reputational damage, attorney fees, costs, injunctive and declaratory relief and such other, different and further relief as is deemed just, equitable and proper.   WILLIAMS demands trial by Jury on all causes of action.

Dated: New York, New York
       October 24, 2020

By:_____
Thomas D. Shanahan, Esq. (TS-3330)
Thomas D. Shanahan, P.C.
535 Fifth Avenue, 25th Floor
New York, New York 10019
Phone (212) 867-1100, x11
tom@shanahanlaw.com

VERIFICATION

State of New York    }
                     } ss:
County of New York   }

    KEVIN WILLIAMS, being duly sworn does hereby swear subject to penalty of perjury the allegations contained in this charge are true based upon my personal knowledge except those I plead "on information and belief". As to those allegations, I believe them to be true.

Dated: New York, New York
      October 24, 2020

By: _____
Kevin WILLIAMS

Sworn to before me this 24th day of October, 2020

By: _____
Notary Public

TERRY MAYO
Notary Public - State of New York
NO. 01MA6328104
Qualified in Nassau County
My Commission Expires Jul 27, 2023